**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4069**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

KIRK L. LONEY,

        Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. Robert E. Payne, Senior District Judge. (3:02-cr-00290-REP-1)

Submitted: August 31, 2009      Decided: September 10, 2009

Before GREGORY, SHEDD, and AGEE, Circuit Judges.

Dismissed in part; affirmed in part by unpublished per curiam opinion.

Edwin F. Brooks, EDWIN F. BROOKS, L.L.C., Richmond, Virginia, for Appellant. Dana J. Boente, Acting United States Attorney, Richard D. Cooke, Assistant United States Attorney, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kirk Loney pled guilty to possession with intent to distribute five or more grams of cocaine base (crack). The district court imposed a 105-month sentence. Counsel filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), acknowledging that Loney waived his right to appeal his sentence and asserting that there were no meritorious issues for appeal. The Government has filed a motion to dismiss the appeal asserting that, pursuant to the appellate waiver contained in Loney's plea agreement, there is no basis to challenge the sentence imposed. Loney has opposed the motion to dismiss and has filed a pro se supplemental brief in which he challenges the validity of his guilty plea and asserts that counsel was ineffective.

Pursuant to a plea agreement, a defendant may waive his appellate rights under 18 U.S.C. § 3742 (2006). United States v. Wiggins, 905 F.2d 51, 53 (4th Cir. 1990) (waiver upheld as voluntarily and intelligently made). Whether a defendant has waived his right to appeal is an issue of law subject to de novo review. United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992). A waiver will preclude appeal of a specific issue if the record establishes that the waiver is valid and that the issue is within the scope of that waiver. United States v. Attar, 38 F.3d 727, 731-33 (4th Cir. 1994).

2

Loney asserts that his plea was not voluntary because he was brainwashed and threatened with a life sentence if he did not plead guilty and he was promised a five-to-seven year sentence if he entered the plea. Loney asserts that he was under stress at the time of the plea hearing and that he is factually innocent.

During the plea hearing pursuant to Fed. R. Crim. P. 11, Loney testified that he was "under a lot of strain" but that he was sure he was competent to make the decision to plead guilty. Loney's attorney explained that Loney was under strain because of physical injuries he received in a car wreck preceding his arrest. Counsel stated that he knew of no reason why Loney could not make a knowing, intelligent, and voluntary decision with respect to the plea. The court noted that Loney responded "appropriately and accurately to the questions" asked.

The court explained and Loney stated that he understood the nature of the charge and the minimum and maximum sentences. Loney stated that he had discussed the plea agreement, possible defenses and sentences with counsel and was entirely satisfied with counsel's services. The court also ensured that Loney understood that, in his plea agreement, he was waiving the right to appeal.

Loney admitted that he was pleading guilty because he was, in fact, guilty of the charged offense. In response to the

3

court's inquiry whether Loney had been threatened, or whether any promises were made to induce his plea, he replied, "No, ma'am." Loney's conclusory statements on appeal that he was coerced into pleading guilty and that his will was overborne are insufficient to show that his sworn statements made during the plea hearing as to the voluntariness of his plea, lack of any threats, and his satisfaction with counsel were not true. See Blackledge v. Allison, 431 U.S. 63, 73-74 (1977); Beck v. Angelone, 261 F.3d 377, 395-96 (4th Cir. 2001) (absent "clear and convincing evidence" to the contrary, defendant is bound by statements made under oath at Rule 11 hearing). We therefore find that Loney's guilty plea was knowingly and voluntarily entered. Additionally, we find that the appeal waiver, which was contained in the plea agreement and which Loney acknowledged during the Rule 11 hearing, is valid and enforceable. See United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005) (upholding appeal waiver in plea agreement if court fully questions defendant about waiver during Rule 11 colloquy); United States v. Wessells, 936 F.2d 165, 167-68 (4th Cir. 1991) (same). Accordingly, any challenge to Loney's 105-month sentence is waived.

Loney also contends his attorney was ineffective with respect to his plea. Because the record does not conclusively demonstrate ineffective assistance, this claim should be raised

4

in a 28 U.S.C.A. § 2255 (West Supp. 2009) motion rather than on direct appeal.  See United States v. King, 119 F.3d 290, 295 (4th Cir. 1997); United States v. DeFusco, 949 F.2d 114, 120-21 (4th Cir. 1991).

Accordingly, we grant the Government's motion to dismiss in part as it relates to Loney's sentence.  As for Loney's claims regarding the validity of his Rule 11 hearing and ineffective assistance of counsel, we deny the Government's motion to dismiss as to those claims, but nonetheless affirm the district court's judgment.  As required by Anders, we have reviewed the entire record and have found no meritorious issues for appeal.  This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review.  If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may renew his motion for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on the client.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED IN PART;
AFFIRMED IN PART

5